UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| LEANNA NAVAS MASCUNANA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 21-077-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Leanna Navas Mascunana's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  [Record No. 24]  Mascunana is the prevailing party in this action and has satisfied all requirements for obtaining payment of fees and expenses under the EAJA.

Mascunana filed the Complaint in this matter on June 18, 2021, alleging that the ALJ's decision was not supported by substantial evidence and was contrary to applicable law.  On April 19, 2022, the Commissioner filed a motion to remand the matter pursuant to sentence four of 42 U.S.C. § 405(g).  The Court granted the motion and entered Judgment, reversing the Commissioner's administrative decision and remanding this action to the agency for further proceedings.

Mascunana filed this motion for attorney's fees under the EAJA on July 7, 2022.  Her attorney, Melissa Palmer, seeks fees in the amount of $4,630.08.  This request is based on 18.9 hours of attorney work at a rate of $214.29 per hour and 5.8 hours of paralegal work at a rate

- 1 -

of $100.00 per hour.  The Acting Commissioner has responded indicating that he does not object to Mascunana's motion for fees or the amount requested.  [Record No. 26]

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  The EAJA specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  § 2412(d)(2)(A).  A party seeking an award of fees and expenses must apply within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged."  *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)).  The party also must allege that the United States' position was not substantially justified.  *Id.*

Mascunana has satisfied these requirements.  [Record No. 28]  First, she is a prevailing party based on this Court's remand under sentence four of 42 U.S.C. § 405(g).  *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA").  Further, Mascunana is eligible to receive an award under the EAJA because her "net worth did not exceed $2,000,000 at the time the civil action was filed."  *See* § 2412(d)(2)(B).  [Record No.]  Palmer has provided an itemized account of the time she and various paralegals spent working on the case.  [Record Nos. 25-5; 25-6]  Finally, the application alleges that the position of the United States was not substantially justified.

- 2 -

The claimed number of hours is consistent with what would be expected in this case, as the plaintiff had filed a motion for summary judgment before the Acting Commissioner filed his motion to remand.  Accordingly, the Court finds that hours billed are reasonable and compensable under the EAJA.  Additionally, the requested rate of payment is consistent with the prevailing market rate in the Eastern District of Kentucky.  The EAJA provides that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).

The plaintiff points out that the statutory rate of $125 per hour was established in 1996 and has not been adjusted for increases in the cost of living.  She has provided information obtained from the United States Bureau of Labor Statistics indicating that the rate would equal $214.29 per hour in 2021, if adjusted for inflation.  [Record No. 25-1]  The plaintiff also has provided affidavits from two attorneys practicing in Lexington, Kentucky who report that typical billing rates for local attorneys practicing in federal court range between $200 and $500.  [Record Nos. 25-2; 25-3]  These attorneys also report that they either do not accept or accept very few social security appeals due to the lack of economic incentive to do so.  Based on the plaintiff's unrefuted evidence regarding inflation and the market rate for comparable legal services, she will be awarded attorney's fees in the amount of $4,630.08, based on 18.9 hours of attorney work at a rate of $214.29 per hour and 5.8 hours of paralegal work at a rate of $100.00 per hour.  *See Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491-92 (6th Cir. 2021).

The plaintiff has included an Affirmation and Waiver of Direct Payment of EAJA fees agreeing that any attorney fees be awarded directly to her counsel.  [Record No. 25-7] However, "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes to the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  The Court is without information to determine whether Mascunana owes any debt that is subject to a government offset and the United States has not waived the requirements of the Anti-Assignment Act.  Accordingly, the award shall be payable to the plaintiff.  *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017).

Based on the foregoing, it is hereby

**ORDERED** that the plaintiff's motion for attorney's fees [Record No. 24] is **GRANTED**.  Plaintiff Leanna Navas Mascunana is awarded fees in the amount of $4,630.08, in accordance with the Equal Access to Justice Act.

Dated: August 10, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky